**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MOISES ECHEVARRIA,** | **Civil Action No. 23-688 (SDW-AME)** |
| **Plaintiff,** | **MEMORANDUM OPINION** |
| **v.** | |
| **SGT. TURRE, et al.,** | |
| **Defendants.** | |

**IT APPEARING THAT:**

1.  On or about February 2, 2023, Plaintiff Moises Echevarria, a pretrial detainee confined in Bergen County Jail, in Hackensack, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  (ECF No. 1).

2.  On March 8, 2023, this Court administratively terminated the matter, subject to reopening, because Plaintiff failed to pay the filing fee or submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) ("IFP application).  (ECF No. 4).

3.  On May 31, 2023, Plaintiff submitted an IFP application (ECF No. 6), which establishes his financial eligibility to proceed without prepayment of the filing fee, and his application will be granted.  Because Plaintiff has IFP status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint

1

pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

4.   In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).  However, a plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286.  Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5.   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.*  "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege

sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6.   The complaint arises out of Plaintiff's fall from a top bunk at Bergen County Jail on June 19, 2022.  (ECF No. 1).  The defendants to the complaint are Sgt. Turre, Officer Velez and Dr. Hemsley.[1]  Upon Plaintiff's intake on arrival at Bergen County Jail, he spoke to a nurse about his need for a top bunk because he suffers from a hernia, herniated discs, and plantar fasciitis. Plaintiff alleges he was prescribed a bottom bunk pass, but he was not provided with a bottom bunk.  Instead, Plaintiff was assigned to a top bunk, which he fell out of and injured his neck and shoulder on June 19, 2022.  Prior to this accident, Plaintiff spoke to Officer Velez about his need for a bottom bunk, and she passed the information on to Sergeant Turre.  Sergeant Turre neglected to move Plaintiff to a bottom bunk.  After Plaintiff was released from the infirmary unit, he was provided with a bottom bunk.  Plaintiff asked the "Nurse/Doctor" for an MRI and/or physical therapy for his neck and shoulder, but he was told that the Facility does not "send inmates to the hospital for things of this nature."

7.   "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

---

[1] Plaintiff lists the following defendants in the caption of the complaint, but he does not mention them in the body of the complaint or describe their involvement in his § 1983 claims:  County of Bergen, Bergen County Department of Correction, Bergen County Adult Corrections Center, Director/Warden Russo, Warden Grella, New Jersey Department of Corrections, ABC Sheriff's Officers, D E F County Guards, G H I Public Entities, J K L private entities, and John and Jane Does.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  The Court will dismiss the § 1983 claims against these defendants without prejudice because Plaintiff has not alleged facts to establish their personal involvement in violating Plaintiff's constitutional rights.

committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

8.    For a pretrial detainee to state a Fourteenth Amendment Due Process Claim for inadequate medical care, the plaintiff must allege facts sufficient to establish "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir.1999)).    For claims involving inadequate medical care, deliberate indifference may be found where prison officials ignored objective evidence of a serious need for medical care or where necessary medical treatment is delayed for non-medical reasons. *Id.* (citations omitted).    Inadvertent or negligent acts of prison medical staff are not sufficient to state a constitutional claim for inadequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)).    Furthermore, mere disagreement with the medical judgment of a prison doctor does not rise to a level of deliberate indifference to support a § 1983 claim. *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).

9.    This Court will dismiss without prejudice Plaintiff's § 1983 claims against Dr. Hemsley. First, Plaintiff does not allege that Dr. Hemsley was involved in Plaintiff's assignment to a top bunk.    Rather, the complaint implies that Dr. Hemsley prescribed Plaintiff a bottom bunk pass. Second, with respect to the treatment of Plaintiff's injuries after he fell out of a top bunk, Plaintiff does not allege that it was Dr. Hemsley who denied Plaintiff's request for an MRI and physical therapy.    Even assuming Plaintiff intended to bring such a claim, Plaintiff has not alleged that Dr. Hemsley denied the requests for non-medical reasons.    Plaintiff's allegation that he was told the Facility does not send inmates to the hospital "for things of this nature" could be interpreted as a statement that the injuries sustained did not require further treatment than what was provided to

4

Plaintiff.  Mere disagreement with medical judgment of a prison doctor does not suffice to state a constitutional claim.  Plaintiff must allege additional facts to state a constitutional claim.

10.   Plaintiff alleges Officer Velez informed Sergeant Turre of Plaintiff's request for a bottom bunk.  Therefore, because Officer Velez responded to Plaintiff's request by passing it on to her superior, Plaintiff failed to allege Officer Velez was deliberately indifferent to his serious medical need.  Next, Plaintiff alleges Sergeant Turre neglected to move him to a bottom bunk before Plaintiff fell out of the bunk and suffered injuries.  This allegation of negligence falls short of establishing Sergeant Turre's deliberate indifference to Plaintiff's serious medical need for a bottom bunk.  This Court will dismiss Plaintiff's § 1983 claims without prejudice.

11.   In conclusion, this Court will grant Plaintiff's IFP application and dismiss his complaint without prejudice for failure to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint.

An appropriate order follows.

Dated: _____ November 27 _____, 2023

_____
Hon. Susan D. Wigenton,
United States District Judge