UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MOISES ECHEVARRIA,** | Civil Action No. 23-688 (SDW-AME) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| **SGT. TURRE, et al.,** | |
| Defendants. | |

**IT APPEARING THAT:**

1. On or about February 2, 2023, Plaintiff Moises Echevarria, a pretrial detainee confined in Bergen County Jail ("BCJ") in Hackensack, New Jersey, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  (ECF No. 1).

2. After Plaintiff filed a properly completed application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a), on November 27, 2023, this Court granted Plaintiff's IFP application and, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismissed his complaint without prejudice for failure to state a claim.  (ECF Nos. 8, 9).  Plaintiff was granted leave to file an amended complaint to cure the pleading deficiencies.

3. On or about February 8, 2024, Plaintiff filed a "motion to state a claim" (ECF No. 10), which this Court construes as an amended complaint.

4. Because Plaintiff was granted *in forma pauperis* status, this Court is required to screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  "The legal standard for

1

dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

6. The defendants to the amended complaint are Officer Velez, Sgt. Turre, and Dr. Hemsley at BCJ. (ECF No. 10). Plaintiff alleges that "[o]n or about June 19, 2022, I advised Officer Velez that I am assigned a bottom bunk." Officer Velez responded to Plaintiff by advising Sgt. Turre of Plaintiff's claim, and asking him to check the computer records "to confirm [Plaintiff's] medical need of a bottom bunk." Sgt. Turre ignored this request and left the unit. Officer Velez knew Sgt. Turre ignored her request, and she did nothing further. As a consequence, Plaintiff remained in a top bunk, which caused him to suffer a serious injury.

7. Plaintiff alleges that he asked his attorney to send his medical files to Dr. Hemsley at BCJ. Dr. Hemsley neglected Plaintiff's medical need for a bottom bunk. In further support of his claim, Plaintiff alleges "[p]revious to the day of the injury[,] I submitted a grievance where I advised the facility that I was in need of a bottom bunk. The facility simply neglected and overlooked the fact that I have a (hernia and herniated discs), that made it very difficult for me to go up and down on the top bunk."

8. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "Pretrial detainees may assert Section 1983 claims for inadequate medical care under the Fourteenth Amendment's substantive due process clause." *Moore v. Luffey*, 767 F. App'x 335, 340 (3d Cir. 2019). In *Moore*, the Third Circuit explained:

> To establish a deliberate indifference to serious medical needs claim, the plaintiff "must make (1) a subjective showing that the defendants were deliberately indifferent to [his or her] medical needs and (2) an objective showing that those needs were serious." *Pearson* [*v. Prison Health Service*], 850 F.3d [526], 534 [3d Cir. 2017] (internal quotations omitted) (alterations in original). A mere complaint "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid [constitutional] claim of medical mistreatment[.]" *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Moreover, "mere disagreement as to the proper medical treatment does not support a claim of" deliberate indifference. *Pearson*, 850 F.3d at 535 (internal quotations omitted). Rather, where there has been medical care, "we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." *Id.* As long as a physician exercises professional judgment, his or her behavior does not violate a detainee's constitutional rights. *See Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

*Id.*

9. Viewing the allegations and inferences from those allegations in the light most favorable to Plaintiff, this Court construes Plaintiff as alleging that on June 19, 2022, Officer Velez and Sgt. Turre were aware that Plaintiff suffered constant pain from a hernia and herniated discs. Sgt. Turre refused Officer Velez's request that he check Plaintiff's medical records for medical approval of a bottom bunk assignment. Officer Velez knew Sgt. Turre did nothing to confirm Plaintiff's medical need for a bottom bunk, and she failed to do so herself. As a result, Plaintiff remained in a top bunk and was injured later that night.

10. Viewing the reasonable inferences from the allegations in the amended complaint in the light most favorable to Plaintiff, Dr. Hemsley received Plaintiff's medical records but did not review them. Dr. Helmsley's delay in responding to Plaintiff's request for medical assignment to a bottom bunk caused Plaintiff to remain in a top bunk and caused his injury. Based on these inferences from the amended complaint, Plaintiff may proceed. If this Court has misconstrued any facts alleged in the amended complaint, Plaintiff should file a second amended complaint to clarify his factual allegations.

11. In conclusion, Plaintiff's motion to state a claim (ECF No. 10) is construed as an amended complaint, and this case may proceed.

An appropriate order follows.

Dated: ____February 20____, 2024

_____
Hon. Susan D. Wigenton,
United States District Judge